IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RUSSELL SHAWN EHLO,

Plaintiff,

v.

OPINION AND ORDER

25-cv-79-wmc

CHARLES FAH, KEVIN LOZANO, NATHAN CIBULKA, JOHN SIEGEL, KEN FOSTER, GRANT TEBEEST, COLT LANG, TREVOR CARLSON, DAKOTA MARCON, COLIN SHERDEN, CONNOR H. JELLMING, ANDREW SWEENEY, TYLER THILGES, JESSE COTTO, and MICHAEL VALENCIA,

Defendants.

---

In a previous order, this court allowed plaintiff Russell Ehlo, a self-represented state prisoner, to proceed on a Fourth Amendment claim against 15 deputies with the Sheriff's Departments for La Crosse and Onalaska Counties for their alleged failure to get him medical attention after he ingested a large amount of methamphetamine during a traffic stop on February 9, 2022. (Dkt. #13.) Now, after the last of the defendants have been served and answered, plaintiff has submitted a proposed amended complaint in which he seeks to add state law claims for negligence based on the same allegations. (Dkt. ##58-59.) Specifically, the proposed amended complaint repeats the allegations in his original complaint and adds three pages in which plaintiff alleges that: (1) defendant Fah failed to alert jail staff to his medical condition by not including any such information on plaintiff's booking card, as he was required to do upon plaintiff's arrival at the jail; and (2) all defendants acted with negligence based on the same conduct underlying his Fourth Amendment claim. (Dkt. #59.)

Like his initial complaint, the court must screen plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2) and § 1915A, construing it generously and holding it to a less stringent

standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the reasons below, the court will accept plaintiff's amended complaint as the operative pleading in this case and allow plaintiff to proceed on state law negligence claims against all defendants.

## OPINION

Supplemental jurisdiction extends to state law claims that are so related to plaintiff's Fourth Amendment claims -- of which this court has original jurisdiction -- that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). To state a claim for negligence under Wisconsin law, plaintiff must plausibly allege that: (1) defendants had a duty of care; (2) defendants breached that duty; (3) defendants' breach caused injury to plaintiff; and (4) plaintiff suffered damages as a result. *Paul v. Skemp*, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (2001) (citing *Nieuwendorp v. Am. Family Ins. Co.*, 191 Wis. 2d 462, 475, 529 N.W.2d 594 (1995)).

As discussed in the court's previous screening order, plaintiff alleges that even though the 15 deputies at the scene of his traffic stop all knew plaintiff was a drug dealer who had ingested drugs to avoid detection in the past, saw plaintiff shove a baggie of narcotics in his mouth, and then observed plaintiff exhibit severe symptoms of a likely drug overdose, they all failed to make sure that he received prompt medical treatment. (Dkt. #13 at 2-3.) Instead, defendants took plaintiff to the La Crosse County Jail, where plaintiff started shaking, fell to the ground, and began foaming at the mouth. Then jail staff administered Narcan and called an ambulance to transport plaintiff to the hospital, where plaintiff was placed in a medically induced coma to prevent organ failure.

These allegations and plaintiff's additional allegation that he has complied with the notice of claim requirement under Wis. Stat. § 893.80 are sufficient at this stage to state a plausible claim for negligence under Wisconsin law. Accordingly, the court will accept plaintiff's amended complaint as the operative pleading in this case and allow plaintiff to proceed on state law negligence claims against defendants Charles Fah, Kevin Lozano, Nathan Cibulka, John Siegel, Ken Foster, Grant Tebeest, Colt Lang, Trevor Carlson, Dakota Marcon, Colin Sherden, Connor H. Jellming, Andrew Sweeney, Tyler Thilges, Jesse Cotto, and Michael Valencia.

ORDER

IT IS ORDERED that:

1) Plaintiff Russell Shawn Ehlo's motion for leave to file an amended complaint (dkt. #58) is GRANTED and the proposed amended complaint (dkt. #59) is the operative pleading in this case.

2) In addition to the claims on which he was previously allowed leave to proceed, plaintiff is GRANTED leave to proceed on state law negligence claims against defendants Charles Fah, Kevin Lozano, Nathan Cibulka, John Siegel, Ken Foster, Grant Tebeest, Colt Lang, Trevor Carlson, Dakota Marcon, Colin Sherden, Connor H. Jellming, Andrew Sweeney, Tyler Thilges, Jesse Cotto, and Michael Valencia for their failure to ensure plaintiff received timely medical assistance after he ingested methamphetamine during a traffic stop.

Entered this 20th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge